586 So.2d 735 (1991)
Deveda T. STAFFORD, Keith N. Stafford and Linda S. Lejeune, Plaintiffs-Appellants,
v.
JENNINGS-NORWOOD FARM AND IRRIGATION COMPANY, INC., Defendant-Appellee.
No. 90-415.
Court of Appeal of Louisiana, Third Circuit.
October 2, 1991.
Donald R. Jory, Jennings, for plaintiffs-appellants.
Wendell R. Miller, Jennings, for defendant-appellee.
Before DOMENGEAUX, C.J., and STOKER and LABORDE, JJ.
DOMENGEAUX, Chief Judge.
Plaintiffs, Deveda T. Stafford, Keith N. Stafford and Linda S. Lejeune (the Staffords), filed a petition for declaratory judgment asking the district court to determine the amount of rent they owe the defendant, Jennings-Norwood Farm and Irrigation Company, Inc., for irrigation services provided pursuant to a contract executed in 1916 by the parties' ancestors in title.
In 1916, William Krielow, the Staffords' ancestor in title, executed a right-of-way "for canal purposes" in favor of D.C. Ritchie, the defendant's ancestor in title. Ritchie, in turn, executed the following document:
I, D.C. Ritchie, for myself and my assigns, do hereby agree with William *736 Krielow, or his assigns, that in consideration of certain right-of-way deed for canal purposes being granted to me today, through the west part of William Krielow's land, as per plat attached to deed, I hereby agree to allow William Krielow or his assigns to pump water from the canal (at a point, and with a small intake to be hereafter agreed and determined between us) at his own cost and expense; and in consideration for furnishing said water for rice crop, to accept as rental for same, one-sixth of the crop delivered in any warehouse in Jennings, or Four ($4.00) Dollars per acre cash after the acreage is planted and ascertained each spring; This privilege to extend and cover the land of William Krielow (also adjoining land), which is above the water level in the canal system, being practically the west half of his farm, but does not include that east part of his farm which can be irrigated from the canal lateral, as now or may hereafter be constructed; the rental for furnishing water on this east part of the land being one-fifth of the crop delivered in any of the warehouses in Jennings, or Six ($6.00) Dollars per acre cash after crop is planted and ascertained in the Spring.

The 1916 agreement provides that rent may be calculated in one of two ways: either as a percentage of the annual crop yield ("crop rent"), or as a flat rate per acre of land after planting ("cash rent"). The parties are currently disputing who has the option of choosing the method of payment, with each side advancing compelling legal arguments in support of its claim.
The record reveals that from 1916 through 1944, the landowner paid rent on a crop percentage basis. In 1944, M.N. Stafford bought the property. Thereafter, Stafford, and later his heirs, paid rent calculated on the "cash rent" basis through 1988. In 1989, the defendant demanded rent based upon the "crop rent" calculation. Plaintiffs, however, tendered the "cash rent" amount, as they had in the past. When defendant refused to accept this tender, plaintiffs filed this suit for declaratory judgment.
Earl Duhon, an employee of the defendant since 1932, testified that all of Jennings-Norwood's other tenants are paying "crop rent" of one-fifth; only the Staffords have been paying "cash rent."
The parties stipulated that it cost defendant $48.35 to irrigate one acre of land and that plaintiffs' tract is 48 acres. They further stipulated that under the "crop rent" calculation, a total of $3,308.20 would be due for the year 1989, whereas on a "cash rent" basis, only $268.00 is owed.
The trial court considered the agreement to be silent on the question of which party had the option to choose how the rent was to be calculated. Applying La.C.C. arts. 2054 and 2055,[1] he found in favor of the defendant, concluding that a finding for plaintiff under the "cash rent" basis would produce an inequitable result and would amount to the plaintiffs being unjustly enriched at defendant's expense.
After reviewing the document in question, we cannot agree with the trial judge that the parties made no provision for the calculation of rent. The document plainly states that D.C. Ritchie agrees to accept either the "crop rent" or the "cash rent" calculation. Under these terms, the landowner's rental obligation would be extinguished upon the tender of either amount. From a literal reading of the document, we find the choice of the method of payment clearly rests with the landowner.
*737 When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046.
The trial court's concern about an apparent inequitable result is understandable. However, equity is properly considered only when the language chosen by the parties to a contract is susceptible of more than one interpretation. In the instant case, a literal reading of the agreement admits of only one interpretation, that the landowner has the option of determining the method of calculation of the yearly water rent. This result is supported not only by the plain language of the contract, but also by the conduct of the defendant and its ancestors in title, who accepted the "cash rent" payment without objection for 44 years.
For the above and foregoing reasons, the judgment of the trial court is reversed. Judgment is rendered in favor of plaintiffs, Deveda T. Stafford, Keith N. Stafford and Linda S. Lejeune, declaring that the landowner has the option of electing the method of calculating water rent under the 1916 agreement. Costs of this appeal are assessed to defendant, Jennings-Norwood Farm and Irrigation Company, Inc.
REVERSED AND RENDERED.
NOTES
[1] Art. 2054. No provision of the parties for a particular situation.

When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.
Art. 2055. Equity and usage.
Equity, as intended in the preceding articles, is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another.
Usage, as intended in the preceding articles, is a practice regularly observed in affairs of a nature identical or similar to the object of a contract subject to interpretation.